IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02806-BNB

SOLOMON BEN-TOV COHEN,

    Plaintiff,

v.

STEVE HODGES, Inspector, United States Postal Service,
JOHN E. FULLER, Inspector, United States Postal Service,
KENT PROSE, Investigator, Office of District Attorney,
OFFICER E. QUINTANA, Denver County Police,
MITCHELL R. MORRISSEY, District Attorney,
KANDACE GERDES, Deputy District Attorney,
JOSEPH MORALES, Chief Deputy District Attorney, and
STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 18 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Solomon Ben-Tov Cohen is being held at the Immigration and Customs Enforcement Processing Center in Aurora, Colorado. Mr. Cohen initiated this action by filing *pro se* a Prisoner Complaint alleging that his rights have been violated. On January 15, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Cohen to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On February 9, 2009, Mr. Cohen filed an amended Prisoner Complaint.

The Court must construe the amended complaint liberally because Mr. Cohen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended

complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

The Court has reviewed Mr. Cohen's amended complaint and finds that the amended complaint still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Cohen fails in his amended complaint to set forth a short and plain statement of his claims showing that he is entitled to relief in this action. Although Mr. Cohen lists

five numbered claims in the amended complaint, he actually asserts specific claims for relief only in the first two numbered claims. The allegations listed in the third claim for relief appear to relate to the second claim for relief; Mr. Cohen does not assert any particular claim in connection with the allegations in his fourth claim for relief; and Mr. Cohen's fifth claim is merely a statement that he reserves the right to assert additional claims.

With respect to the first two claims for relief, Mr. Cohen fails to provide a clear and concise statement of the rights that allegedly have been violated with specific factual support. Instead, Mr. Cohen lists in each claim a number of constitutional amendments that allegedly have been violated, along with a number of state law torts in his second claim, without distinguishing between the various legal theories he apparently is asserting. For example, Mr. Cohen describes his first claim as a claim of false imprisonment in violation of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights but he fails to explain how he believes his rights under each of the listed constitutional amendments was violated. Mr. Cohen also asserts his first claim against only one Defendant, the State of Colorado, without providing any factual allegations against the State of Colorado or explaining why he believes the State of Colorado is liable for the asserted constitutional violations.

In addition, rather than simply stating how his rights allegedly have been violated in connection with each claim, Mr. Cohen refers to various exhibits among the hundreds of pages of exhibits attached to the original complaint and the amended complaint and he apparently expects the Court to examine those exhibits in order to determine the specific facts that support the claims he is asserting. However, the attached exhibits

3

are not all self-explanatory and it is not the Court's responsibility to sift through those exhibits to determine how they might support the various claims Mr. Cohen is asserting in this action.

Magistrate Judge Boland specifically advised Mr. Cohen that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite this specific instruction, Mr. Cohen has failed to file an amended complaint that complies with the pleading requirements of Rule 8. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 12 day of February, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02806-BNB

Solomon Ben-Tov Cohen
Prisoner No. L2580
Alien No. 77309675
Aurora/ICE Processing Center
11901 East 30th Avenue
Aurora, CO 80010

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/3/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk